UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENECA SPECIALTY INSURANCE
COMPANY,

        Plaintiff,               Case No. 08-12335

v.                                   HON. MARIANNE O. BATTANI

WEST CHICAGO PROPERTY COMPANY,
LLC,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT SENECA SPECIALTY INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL**

**I.    INTRODUCTION**

Before the Court is Plaintiff/Counter-Defendant Seneca Specialty Insurance Company's ("Seneca") Motion for Dismissal of Defendant/Counter-Plaintiff West Chicago Property, LLC's ("West Chicago") "Bad Faith" claim and requests for exemplary damages, consequential damages, attorney fees, and interest under Michigan Compiled Laws § 500.2006(4).  (Doc. 18).

Seneca's complaint claims that West Chicago falsely stated in its application for insurance from Seneca that it had suffered no prior insurance losses with the building located at 7650 West Chicago Ave., Detroit, MI, ("the Property").  Accordingly, Seneca seeks to rescind the insurance contract and to obtain a declaratory judgment indicating that there is no insurance coverage for the Property.  West Chicago responded that Seneca had wrongly failed to provide coverage for losses the Property suffered.

Therefore, West Chicago filed counterclaims against Seneca.  In particular, West Chicago seeks a declaratory judgment stating that Seneca is obligated to provide insurance coverage (Count 1), and claims that Seneca committed a breach of contract (Count 2) and acted in bad faith during the course of its claims administration (Count 3).

For the reasons discussed below, the Court grants in part and denies in part Seneca's Motion for Partial Dismissal.

## II.     STATEMENT OF FACTS

Seneca issued two insurance policies to West Chicago covering the Property for the periods of September 1, 2006 - March 1, 2007, and March 1, 2007 - September 1, 2007.  On August 16, 2007, West Chicago filed with Seneca a Sworn Statement in Proof of Loss setting forth damage that occurred to the Property on May 8, 2007.  Seneca rejected this submission and demanded additional information.  West Chicago submitted a second Sworn Statement in Proof of Loss on September 27, 2007, which Seneca also rejected.  Over the next nine months, Seneca investigated West Chicago's claim.  On June 3, 2008, Seneca informed West Chicago that it was filing a lawsuit in this Court seeking rescission of the insurance contract covering the Property.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted."  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal

relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true." Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993). To defeat a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

**IV.   ANALYSIS**

As an initial matter, the Court notes that West Chicago conceded during oral argument that, under its counter-complaint, it was not entitled to either attorney fees or exemplary damages. West Chicago also conceded that it could not bring a "Bad Faith" cause of action under the Michigan Uniform Trade Practices Act ("UTPA"). Accordingly, the Court grants Seneca's Motion for Dismissal to the extent it relates to West Chicago's "Bad Faith" claim and its claim for exemplary damages and attorney fees. Seneca's requests for dismissal of West Chicago's claims for interest under the UTPA and consequential damages remain.

    1.   <u>Interest under the UTPA</u>

Under Michigan Compiled Laws § 500.2006(4), the UTPA requires an insurer to pay 12% annual interest on benefits that are not paid on a timely basis. West Chicago's counter-complaint, however, does not make any reference to either the UTPA or § 500.2006(4). As such, the Court finds that West Chicago's counter-complaint fails to show that it is entitled to relief under § 500.2006(4). See FED. R. CIV. P. 8(a).

3

Accordingly, West Chicago is not entitled to such relief.  See id.  The Court notes, however, that leave to amend the complaint before trial is freely given "when justice so requires."  FED. R. CIV. P. 15(a)(2).

### 2. Consequential Damages

Consequential damages are available under a breach of contract claim when they arise naturally from the breach or can reasonably be said to have been in contemplation of the parties at the time the contract was made.  See Lawrence v. Will Darrah & Assocs., Inc., 445 Mich. 1, 13 (1994).  During oral argument, Seneca argued that consequential damages are not appropriate in this case because such damages were not contemplated by the parties at the time the contract was made.  The Court, however, cannot make such a factual determination at this early stage of the litigation.  Accordingly, the Court denies Seneca's motion for dismissal of West Chicago's claim for consequential damages.

## V.   CONCLUSION

For the reasons discussed, Plaintiff/Counter-Defendant's Motion for Partial Dismissal is **DENIED IN PART AND GRANTED IN PART**.  The motion is granted as it pertains to West Chicago's "Bad Faith" claim and requests for exemplary damages, attorney fees, and interest under M.C.L. § 500.2006(4).  The motion is denied, however, as it pertains to West Chicago's request for consequential damages.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani  
                                              MARIANNE O. BATTANI  
                                              UNITED STATES DISTRICT JUDGE

DATED: July 8, 2009

## CERTIFICATE OF SERVICE

     Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                              s/Bernadette M. Thebolt  
                                              DEPUTY CLERK