**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SENECA SPECIALTY INSURANCE
COMPANY,

        Plaintiff/Counter-        Case No. 08-12335

        Defendant,        HON. MARIANNE O. BATTANI

v.

WEST CHICAGO PROPERTY COMPANY,
LLC,

        Defendant/Counter-

        Plaintiff.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT SENECA SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Plaintiff/Counter-Defendant Seneca Specialty Insurance Company's ("Seneca") Motion for Summary Judgment as to Count 1 of its complaint and as to all of Defendant/Counter-Plaintiff West Chicago Property Company's ("West Chicago") counterclaims. (Doc. 33). In Count 1 of its complaint, Seneca seeks to rescind an insurance policy based on material misrepresentations that were made in the policy's application. (Doc. 1). Seneca also requests in Count 2 that the Court issue a declaration that West Chicago, an insuree of Seneca, is not entitled to insurance coverage because it breached the insurance contract by either intentionally or with a reckless disregard of the truth making the aforementioned material misrepresentations.

West Chicago has filed counterclaims relating to Seneca's failure to provide it with the insurance coverage called for by the parties' contract.  For the reasons discussed below, the Court grants Seneca's Motion for Summary Judgment.

## II.	STATEMENT OF FACTS

In 1986, Mike Kaskorkis ("Kaskorkis"), his brother Aboud Kaskorkis ("Aboud"), and Farouk Kenaya formed a popsicle manufacturing business called Pack 'Em Enterprises ("Pack 'Em").  This business originally operated out of a rented facility.  In 1997, Kaskorkis, Aboud, and Kenaya formed West Chicago for the purpose of purchasing 7650 West Chicago Avenue, Detroit, MI ("the Building").  Pack 'Em occupied the Building from 1998 until 2004.

On June 15, 2004, Pack 'Em submitted a claim to their insurer for water damage the Building suffered on June 9, 2004.  The insurer determined that the water damage was not covered by the Building's insurance policy because it was the result of a clogged drain, which was not a "breakdown" covered by the policy.  In August 2004, Pack 'Em sold all of its assets and operations to a Chicago Popsicle Maker, Arctic Squeezers, Inc. a/k/a The Jel Sert Company ("Jel Sert").  West Chicago then leased the Building to Jel Sert.

Jel Sert operated at the Building for approximately a year before deciding to move to a facility in Chicago.  From October 16, 2005, until the Jel Sert lease expired on September 1, 2006, the Building was vacant, although Jel Sert continued to pay rent, maintain insurance coverage, and pay a former employee to regularly inspect the Building.

On July 17, 2006, the Building suffered theft and vandalism resulting in loss and damage of approximately $75,000.  Jel Sert made a claim for the loss and damage through a policy it maintained with Liberty Mutual Insurance Company.  Liberty Mutual paid Jel Sert for the $75,000 in damage, minus Jel Sert's $25,000 deductible.  Of the $75,000 total loss to the building, Jel Sert paid for approximately $5,000 in repairs itself and paid $70,000 directly to West Chicago.  West Chicago subsequently arranged for the building to be repaired in anticipation of a new tenant.

On August 21, 2006, West Chicago applied to Seneca for vacant building insurance though the Danno Insurance Agency, who submitted the application to Seneca on behalf of West Chicago.  The insurance application was prepared by the Danno Insurance Agency and signed by Kaskorkis as an authorized representative of West Chicago.  The application indicated that there had been no "claims or losses (regardless of fault and whether or not insured) or occurrences that may give rise to a claim for the prior 5 years."  Along with the application, Kaskorkis also signed a "Vacant Property Supplement", which provided an answer of "No" to the following question: "Has any property or premise owned by the insured or any affiliate of the insured, suffered ANY losses during the past 36 months?"  During his deposition, Kaskorkis stated that the Vacant Property Supplement was not accurate, but he contended was not the person who filled out the form; he only signed it.  A renewal application that Kaskorkis signed on February 26, 2007, also failed to indicate that there had been any claims or losses during the prior 5 years.

A new tenant moved into the Building in October 2006, but quickly fell behind in their rent, and West Chicago formally evicted them by the end of March 2007.

Thereafter, the building was vacant. On May 8, 2007, Kenaya checked on the building and discovered the vandalism/theft that eventually led to this lawsuit.

### III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

### IV.     ANALYSIS

During oral argument West Chicago withdrew its claim that Seneca had not returned the paid premiums and, therefore, was not entitled to rescind the insurance contract *ab initio*. Accordingly, the Court will not address that argument.

In Michigan, it is well settled "that where an insured makes a material misrepresentation in the application for insurance . . . the insurer is entitled to rescind the policy and declare it void ab initio. Rescission is justified without regard to the

intentional nature of the misrepresentation, as long as it is relied upon by the insurer." Lake States Ins. Co. v. Wilson, 231 Mich. App. 327, 331 (1998).

Counsel for West Chicago wisely conceded during oral argument that the insurance applications at issue in this case contained inaccuracies. This is most clearly seen in the vacant property supplement that, despite being completed a month after the Building suffered $75,000 in losses from vandalism and theft, indicated that no property owned by West Chicago had suffered any losses in the past three years.

West Chicago contends that the inaccuracies are not misrepresentations justifying rescission because they were not made intentionally. In support of this argument, West Chicago points to language in the insurance contract stating that Seneca may void the contract if West Chicago makes any intentional misrepresentations. This argument fails because Seneca's right to void the contract *ab intio* in cases of unintentional misrepresentation exists completely separate from the terms of the contract itself. See id. Furthermore, Seneca has pointed to no caselaw indicating that this right is waived by contract language such as that present in this case.

In addition, nothing in the language of this contract forfeits Seneca right to void *ab initio* in cases like this. The contract's statement that Seneca can void the contract at any time in cases of intentional misrepresentation is merely an additional right of rescission that is being granted to Seneca; it does not indicate that it is providing the exclusive grounds for rescission. Accordingly, the Court will follow Michigan law and find that whether the misrepresentation was intentional is irrelevant to the Seneca's right to void the contract *ab initio*.

Thus, the undisputed evidence shows that Seneca is entitled to rescind the contract *ab intio*. Therefore, Seneca is entitled to summary judgment on Count 1 of its complaint. Seneca also is entitled to summary judgment of West Chicago's counterclaims because Seneca has no obligation to comply with the – now rescinded – insurance contract. Furthermore, as Seneca conceded during oral argument, Count 2 of its complaint – which requested a declaration that West Chicago had violated the contract's prohibitions on material misrepresentations – is no longer applicable because the contract is being rescinded *ab initio*. Thus, there is no longer any contract for West Chicago to have violated. Accordingly, Count 2 of the complaint will be dismissed.

## V.    CONCLUSION

For the reasons discussed above, Plaintiff's motion for Summary Judgment is **GRANTED**. Judgment in favor of Plaintiff shall be entered as to Count 1 of the Complaint and all of Defendant's counterclaims. The insurance policy between the parties is rescinded and declared void *ab initio*. Count 2 of the complaint is **DISMISSED**.

**IT IS SO ORDERED.**


                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

DATED: February 2, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt<br>Case Manager